# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Ramon Jacobo Garcia,

    Petitioner,

v.

William Hutchings,

    Respondent.

Case No.: 2:21-cv-01222-JAD-BNW

**Order Granting Application to Proceed**
***In Forma Pauperis* and Dismissing Case**

[ECF Nos. 1, 1-3]

    Nevada State Prisoner Ramon Jacobo Garcia brings this petition for federal habeas relief under 28 U.S.C. § 2254 to challenge his state-court conviction and sentence for numerous felony counts including two counts of first-degree kidnapping with the use of a deadly weapon.[1] Having reviewed this habeas petition under Rule 4 of the Rules Governing Section 2254, I find that it must be dismissed because it is an unauthorized successive petition. So, although I grant Garcia's request to proceed *in forma pauperis*, I dismiss this case and deny his motion for appointment of counsel.

## Background

    Garcia has been in prison in Nevada since 2001 with a projected release date in 2031.[2] This is not the first time that Garcia has sought federal habeas relief for the same sentence. His first habeas action in this court was filed in 2008 and challenged the same judgment of conviction.[3] The court denied the petition in its entirety,[4] and Garcia did not appeal.

---

[1] ECF No. 1.

[2] ECF No. 1-1 at 2.

[3] *Garcia v. Neven*, No. 2:08-CV-00480-JCM, 2012 WL 115575 (D. Nev. Jan. 13, 2012).

[4] *Id*.

## Analysis

If a petitioner has previously filed an application for habeas relief under section 2254 which has been denied on the merits, the court cannot grant relief with respect to a claim that was presented in the prior application.[5] In addition, the court cannot grant relief with respect to a claim that was not presented in the prior application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.[6]

Moreover, § 2244(b)(3) requires a petitioner to obtain leave from the appropriate court of appeals before filing a second or successive petition in the district court.

This court denied the claims in Garcia's 2008 federal petition on their merits.[7] That denial makes his instant petition a second or successive one that he needed appellate court's permission to file. Because Garcia has not secured an order from the court of appeals authorizing this action as § 2244(b)(3) requires, this court lacks jurisdiction to consider his new habeas petition.[8] Therefore, I must summarily dismiss this action under Rule 4.

---

[5] 28 U.S.C. § 2244(b)(1).
[6] 28 U.S.C. § 2244(b)(2).
[7] *Garcia v. Neven*, 2012 WL 115575, at *3–12.
[8] *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

**Conclusion**

IT IS THEREFORE ORDERED that Garcia's motion for leave to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**.

IT IS FURTHER ORDERED the petition for writ of habeas corpus is **DISMISSED** with prejudice and without leave to amend, and a certificate of appealability is denied because jurists of reason would not find the court's dismissal of this action to be debatable or incorrect.

IT IS FURTHER ORDERED that Garcia's second motion for leave to proceed *in forma pauperis* and motion for appointment of counsel **[ECF Nos. 1-2 and 1-3] are DENIED** as moot.

IT IS FURTHER ORDERED that the **Clerk of Court is directed to** FILE the petition (ECF No. 1-1) and accompanying motions (ECF Nos. 1-2 and 1-3), ENTER JUDGMENT, and CLOSE THIS CASE.

Dated: June 30, 2021

_____
U.S. District Judge Jennifer A. Dorsey